IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TYRONE MICHAEL BRINKLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:08CV126 |
| | ) | |
| TRAVIS OUTLAW, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Tyrone Michael Brinkley, a prisoner of the State of North Carolina, on February 13, 2006, in Durham County Superior Court, pled guilty to five counts of habitual-felon status, five counts of felonious breaking and entering, one count of attempted breaking and entering, and five counts of felony larceny. His convictions were consolidated and he was sentenced as an habitual felon and received a prison term of 80 to 105 months. He was represented during plea and sentencing proceedings by attorney Kevin Bradley.

Petitioner did not appeal his convictions or sentence. He filed no motion for appropriate relief ("MAR") in the state criminal proceeding here under habeas review, 04CRS53911. It appears that in an amendment to an MAR that Petitioner filed in state proceeding 99CRS62431, he may have presented argument concerning challenges to his conviction in 04CRS53911. Petitioner submitted the instant habeas corpus petition to this Court on February 17, 2008.

### Claims of the Petition

In his habeas petition to this Court, Petitioner contends that (1) he received ineffective assistance of counsel in connection with his guilty plea; (2) his April 2004 conviction was obtained by a guilty plea that was unlawfully induced or made without an understanding of the consequences of the plea; and (3) he was denied due process during his state-court post-conviction proceedings.

### Discussion

As a threshold defense to the habeas corpus petition of Tyrone Michael Brinkley, the State contends that the petition is barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244. For reasons set forth below, the Court agrees.

Petitioner Brinkley's federal habeas petition was due within one year of the date his state-court conviction became final. In this case, because Petitioner pled guilty, his conviction became final on or about February 13, 2006, when his judgment of commitment was entered. *See generally United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Thereafter, Petitioner had one year, until February 13, 2007, to file a § 2254 petition in this Court. In fact, he did not submit a petition until February 17, 2008, over one year late.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, Petitioner has not shown tolling under this section because he cannot show any

"properly filed" application for State post-conviction review. He alleges that he raised the grounds he asserts herein in an "amended petition" he filed in a MAR proceeding with respect to his state-court conviction in 99CRS32431. Nonetheless, under North Carolina law, an MAR does not constitute a new cause of action, and it must be filed in the "original cause," the criminal case that the petitioner is challenging. *See* N.C. Gen. Stat. § 15A-1411(b). Accordingly, any "amended MAR" Petitioner may have filed in a separate criminal proceeding was clearly not "properly filed" under state law insofar as Petitioner sought to challenge his conviction in 04CRS53911. *See Artuz v. Bennett*, 531 U.S. 4 (2000)(federal courts looks to state procedural rules governing filings to determine if state application for post-conviction relief is properly filed.) Thus, no action taken by Petitioner Brinkley has served to toll the running of the one-year statute of limitations on federal habeas actions. The statute expired on or about February 13, 2007, more that one year before Petitioner filed the instant action for habeas corpus review.

## Conclusion

Accordingly, for reasons stated above, **IT IS RECOMMENDED** that the State's motion for summary judgment on statute-of-limitations grounds (Docket No. 5) be granted and that this action be dismissed.

                                           /s/ P. Trevor Sharp
                                        United States Magistrate Judge

Date: January 29, 2009